UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                    Chapter 7

CATHERINE KUNCMAN,                                        Case No. 8-10-74694-reg
                                        Debtor.
-----------------------------------------------------------x

SARASOTA CCM, INC.,                                      Adv. Proc. No. 8-10-08306-reg
                                        Plaintiff,

        v.

CATHERINE KUNCMAN
                                        Defendant.
-----------------------------------------------------------x

## MEMORANDUM DECISION

        This matter is before the Court pursuant to an adversary proceeding commenced  by

Sarasota CCM, Inc. (the "Plaintiff") against the debtor, Catherine M. Kuncman (the "Debtor")

seeking relief under Section 523(a)(2)(A) of the Bankruptcy Code.  The Plaintiff seeks to except

from the Debtor's discharge a pre-petition State Court judgment.  The Plaintiff asserts that the

findings of the State Court are dispositive and binding upon this Court so as to compel a finding

by this Court that the Debtor's conduct meets the statutory requirement of actual fraud as set

forth in Section 523(a)(2)(A).  The State Court found that the actions of the Debtor and her non-

debtor husband in transferring assets from the Debtor's husband to the Debtor without fair

consideration constituted a constructive fraudulent conveyance under New York Debtor Creditor

Law § 273.  However, the State Court did not determine, nor was the issue clearly raised,

whether the elements of Section 523(a)(2)(A), requiring false pretenses, a false representation or

actual fraud were present.  Therefore, the findings of the State Court are not dispositive of this

question and require this Court to reach its own conclusion as to whether the Plaintiff has

presented sufficient evidence to establish the requisite elements under Section 523(a)(2)(A). Intent to defraud is an essential element of Section 523(a)(2)(A), and unless the Plaintiff can establish that the Debtor intended to defraud the Plaintiff, this action must be dismissed.  The Plaintiff's failure to introduce any evidence outside of the State Court proceedings or to challenge the Debtor's testimony at trial is fatal to its claim in this case.  Therefore, the Court finds that the Plaintiff has failed to establish by a preponderance of the evidence its right to the relief it seeks under Section 523(a)(2)(A), and the adversary proceeding is dismissed.

### *Facts*

The Debtor's husband, Ben Zion C. Kuncman ("Mr. Kuncman"), purchased a boat from the Plaintiff around 1995.  In 2004, the Plaintiff brought an action against Mr. Kuncman for non payment of a note which was part of the purchase price for the boat.  Ultimately, the Plaintiff was granted a judgment against Mr. Kuncman in the amount of $96,042.36.

In 1998, Mr. Kuncman became the sole shareholder in Got-A-Lot-A-Dough, Inc., a New York corporation which owned two Dunkin' Donuts franchises, and in which Mr. Kuncman previously held a partial interest.  Mr. Kuncman subsequently transferred one hundred percent of the shares to the Debtor at some point in 1999.  Mr. Kuncman received compensation from and continued to manage Got-A-Lot-A-Dough, Inc.  Except for a one-year sabbatical, the Debtor was employed full time as a school teacher and, according to the evidence, was never actively involved in the management of the company.

There is no dispute that on April 23, 1998, the deed to the marital home was transferred from a corporation owned by Mr. Kuncman to himself for less than fair consideration. Thereafter, the home was transferred from Mr. Kuncman to the Debtor.  The State Court found

that the deed transferring the home to the Debtor was backdated to August, 1997, and the Debtor

paid ten dollars in consideration for the transfer.  There is also no dispute that at least some

mortgage payments for the marital home were paid by Got-A-Lot-A-Dough, Inc.

In October 2007, the Plaintiff commenced an action against the Debtor in the Supreme

Court of the State of New York (the "State Court Action"), Nassau County, Index Number 07-

019911, alleging, in the first cause of action, that the Debtor and Mr. Kuncman wrongfully

transferred the franchises to the Debtor in order to place these assets beyond the reach of Mr.

Kuncman's creditors.  The Plaintiff also alleged that the Debtor approved the diversion of profits

derived from the Dunkin' Donuts franchises to pay Mr. Kuncman's personal obligations.  The

Plaintiff alleged that this course of conduct led to the Dunkin' Donut franchises being forfeited

and reclaimed by Dunkin' Donuts, Inc.  The Plaintiff also alleged that the Debtor committed

these acts at the direction of Mr. Kuncman for the purpose of defrauding Mr. Kuncman's

creditors.  In the second cause of action, the Plaintiff asserted that the Debtor was liable to the

Plaintiff for diversion of income generated by the two Dunkin' Donuts franchises for the benefit

of the Debtor and Mr. Kuncman.

The Plaintiff filed a motion for summary judgment in the State Court Action, supported

by deposition transcripts of the Debtor, her husband, and other documentary evidence.

(Plaintiff's Ex. 4 and attached Plaintiff's Ex. 5 - 24).  By a "Short Form Order" decision dated

September 8, 2009 (the "State Court Decision") (Plaintiff's Ex. 3), the State Court granted the

Plaintiff's motion for summary judgment.  On December 21, 2009, the Plaintiff obtained a

judgment (the "State Court Judgment") against the Debtor in the amount of $96,042.36 plus fees

and costs (the "Judgment Debt").  The base amount of the Judgment Debt is identical to the

amount of the judgment the Plaintiff obtained against Mr. Kuncman.  The State Court Judgment was filed with the Nassau County Clerk on January 21, 2010.

The State Court Decision concluded that Mr. Kuncman "transferred the interest in the franchises without fair consideration" in contravention of Section 273 of New York Debtor Creditor Law.  The Court found that the Debtor "was merely a figurehead of the franchises", while Mr. Kuncman actually owned the franchises.  The Court found that she "allowed her husband to divert the corporate assets [unlawfully] . . . and [she] participated in the fraudulent scheme."  With respect to the marital property, the State Court found that the Debtor "did not offer any evidence that there was fair consideration paid for the transfer of the marital home" and that the backdating of the deed to the marital home supported the Plaintiff's allegations  that the Debtor "engaged in a concerted effort to defraud the creditors of Mr. Kuncman."  In summary, the State Court Decision found that the Plaintiff "established its prima facie entitlement to summary judgment by demonstrating that the subject property and the shares of the franchises were transferred without fair consideration."

The Debtor thereafter filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 2010 (the "Petition Date").

### *Procedural History*

On July 20, 2010, the Plaintiff commenced the instant action alleging the Judgment Debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).  The Debtor, through her counsel, filed an answer on August 20, 2010, asserting general denials, admissions and affirmative defenses.

On September 1, 2010, the Plaintiff filed a motion for summary judgment (the "Summary

Judgment Motion") asserting *inter alia* that the prior determination and judgment by the State Court - that the Debtor participated in a fraudulent scheme to divert Mr. Kuncman's assets - is binding upon this Court, and is *res judicata* as to whether the Judgment Debt should be excepted from discharge under § 523(a)(2)(A).  The Debtor filed an affirmation in opposition on October 1, 2010, in which she asserted that the State Court Decision did not include any finding that the Debtor committed actual fraud, or that the Judgment Debt was incurred pursuant to false representations made by the Debtor or under false pretenses.  At a hearing held on October 4, 2010, this Court denied the Summary Judgment Motion and held that *res judicata* did not apply, and further held that the State Court decision failed to make a clear finding regarding the Debtor's intent, which is a requisite element for nondischargeability under § 523(a)(2)(A). Therefore, the Plaintiff could not rely solely on the findings of the State Court to establish the Debtor's intent and an evidentiary hearing was necessary.  At the conclusion of the hearing on the Summary Judgment Motion, the Court advised the parties to focus their presentations at trial on the issue of whether the Debtor's conduct satisfied all of the elements of § 523(a)(2)(A).

On November 2, 2010, the Plaintiff filed a memorandum of law in which the Plaintiff argued that the State Court concluded that the Debtor committed actual fraud, which is *res judicata* as to the claim of nondischargeability under § 523(a)(2)(A), or at the very least, that the Debtor is collaterally estopped from relitigating the issue of intent.  On November 29, 2010, the Debtor filed a pretrial statement.  According to the Debtor's pretrial statement "[t]he issue of fact to be determined at trial is whether the [Debtor] engaged in 'actual fraud.'  The issue of law to be determined at trial is . . . [i]n essence, did the [Debtor] intend to deceive the Plaintiff?"

The Court conducted a trial on November 30, 2010.  The Plaintiff introduced into the

record exhibits related to the State Court Action consisting of (i) the complaint, (ii) a verified answer, (iii) a copy of the Plaintiff's attorney's affirmation in support of the motion for summary judgment with exhibits, (iv) the State Court Decision, and (v) the State Court Judgment.  The Plaintiff called no witness and rested its case on the documents admitted into evidence.

The Debtor introduced no documentary evidence and relied on the Debtor's testimony. The Debtor testified about the circumstances surrounding the transfer of the corporate shares and of the deed to the home.  The Debtor stated she "never intended to commit a fraud upon anyone, including [the Plaintiff]."  At the conclusion of the trial, the Court gave both parties an opportunity to brief the following issues:

1) Whether the State Court Decision and the exhibits introduced by the Plaintiff at trial establish that the requirements of § 523(a)(2)(A) have been met; and

2) Whether the Judgment Debt can be deemed non-dischargeable where the Debtor made no misrepresentations directly to the Plaintiff?

The Plaintiff filed a post-trial brief on or before January 14, 2011.  The Debtor did not file a post-trial brief.

### *Collateral Estoppel and Res Judicata*

The Plaintiff argued in its Summary Judgment Motion, its post-trial brief, and at the evidentiary hearing that the State Court Decision had a preclusive effect under the doctrines of *res judicata* and/or collateral estoppel.  The Plaintiff asserts that the prior determination by the State Court is *res judicata* as to the entire cause of action in this adversary proceeding, and the Debtor is not permitted to relitigate whether she committed actual fraud.  Since a debt is not dischargeable to the extent it is obtained by actual fraud under § 523(a)(2)(A), the finding of

liability against the Debtor in the State Court Action is sufficient to deem the Judgment Debt

non-dischargeable.  In the alternative, the Plaintiff argues the Debtor is collaterally estopped

from litigating the issue of whether the Debtor intended to defraud the Plaintiff because the State

Court Decision conclusively determined this issue in favor of the Plaintiff.  However, in denying

the Summary Judgment Motion, the Court found that the State Court Decision did not

conclusively find that the Debtor intended to defraud the Plaintiff.  After reviewing the State

Court Decision, this Court held the State Court had determined that the Debtor was liable to the

Plaintiff for violating Section 273 of the New York Debtor and Creditor Law.  This section

permits a creditor to recover conveyances by a debtor to a third party for less than fair

consideration, but it does not require a finding of intent or actual fraud.  New York Debtor and

Creditor Law ("DCL"), § 273.  Intent is not an element of § 273 of the DCL.  *Ally Bank v.*

*Reimer,* No. CV 09-2795 (ADS) (WDW)*,* 2010 WL 446025, at *1 (E.D.N.Y. Jan. 29, 2010).

Because this Court concluded at the summary judgment stage that collateral estoppel did not

apply with respect to the element of intent, an evidentiary hearing was necessary.  Despite the

Debtor's arguments to the contrary, this Court's conclusion regarding the issue of intent

constitutes the law of the case.  *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585,

592 (2d Cir. 1991) (citing 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶

0.404[1], at 117 (1991) (Under the law of the case doctrine, an issue of law previously decided at

one stage of a case becomes binding precedent to be followed at later stages of the same

litigation.).  Intent is a necessary element under 11 U.S.C. § 523(a)(2)(A) and since intent is not

an element of § 273 of the DCL, the Court denied the Summary Judgment Motion.  To the extent

the questions posed by the Court at the end of trial enlarged the scope of the Court's inquiry, the

Court will consider the arguments raised by the Plaintiff.

### Discussion

#### Legal Standard

While a Chapter 7 bankruptcy affords the "honest but unfortunate debtor" a "fresh start" through the statutory discharge of prepetition debts, *Giaimo ex re. Chase v. DeTrano (In re DeTrano)*, 326 F.3d 319, 322 (2d Cir. 2003), a debtor does not have a "fundamental" right to discharge. *United States v. Kras*, 409 U.S. 434, 445-46, 93 S. Ct. 631, 637-38, 34 L. Ed. 2d 626 (1973). Exceptions to discharge are provided for certain categories of debts pursuant to § 523. *In re DeTrano*, 326 F.3d at 322. Included among the debts excepted from discharge are those arising from the fraudulent conduct of the debtor. *Id.*; *Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. 2000). These fraud exceptions from discharge are set forth in Bankruptcy Code § 523(a)(2), (4) and (6).

Due to the significant impact they have on the debtor's fresh start, dischargeability exceptions are "narrowly construed against the creditor's objections . . . ." *Bethpage Fed. Credit Union v. Furio (In re Furio)*, 77 F.3d 622, 624 (2d Cir. 1996) (citing cases). However, such exceptions are construed in favor of the debtor only "so far as reasonable". *In re Scarpinito*, 196 B.R. 257, 261 (Bankr. E.D.N.Y. 1996) (quoting *Schwalbe v. Gans (In re Gans)*, 75 B.R. 474, 482 (Bankr. S.D.N.Y. 1987). Thus, a creditor must prove his claim of nondischargeability by the preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 286-90, 111 S. Ct. 654, 659-61, 112 L. Ed. 2d 755 (1991) (stating that the standard "results in a roughly equal allocation of the risk of error between litigants"); *In re Furio*, 77 F.2d at 624. Once the creditor has made its *prima facie* case, the burden shifts to the debtor to present an explanation of the

alleged fraud.  *In re Furio*, 77 F.2d at 624 (citing *Carini v. Matera (In re Matera)*, 592 F.2d 378, 380-81 (7th Cir. 1979).

### *Actual Fraud*

In this case, the Plaintiff alleges that the Judgment Debt, which is based on the Debtor's receipt of assets from her husband without fair consideration, should be nondischargeable.  The Plaintiff argues that such a transfer must be found to be "actual fraud" and therefore violates Section 523.  Section 523(a)(2)(A) excepts from discharge a debt of an individual debtor "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).

The elements of a claim of actual fraud under Section 523(a)(2)(A) have been clearly articulated in this Circuit.  "The elements of actual fraud under [the] Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance, and harm." *Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006) (citing Restatement (Second) of Torts § 525); *see also Field v. Mans*, 516 U.S. 59, 70 n. 9, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995) ("We construe the terms in § 523(a)(2)(A) to incorporate the general common law of torts, the dominant consensus of common-law jurisdictions, rather than the law of any particular State.")).  Although the Second Circuit has concluded that "actual fraud" requires findings of misrepresentation and reliance, the Second Circuit has not previously determined whether a debtor's participation in a fraudulent scheme constitutes "actual fraud" where there is no misrepresentation by the debtor or resulting reliance by the creditor.  Two Circuits have found the definition of "actual fraud" to encompass such a fraudulent scheme, however even this

expansive view of actual fraud requires a finding of intent by the debtor to commit a fraud or deceit.  *See McClellan v. Cantrell (In re McClellan)*, 217 F.3d 890, 893 (7th Cir. 2000) (finding that actual fraud is broader than misrepresentation and can encompass a party's fraudulent conveyance to a debtor to the detriment of that party's creditor so long as the debtor intends to deceive or defraud the creditor as well), *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) (adopting the Seventh Circuit approach and finding that "actual fraud" does not require misrepresentation and reliance, but does require intent to deceive or defraud).  Under such an analysis, the debt is only nondischargeable relative to the value of the property transferred to the Debtor.  *In re McClellan*, 217 F.3d at 895.  This valuation analysis was not addressed by the State Court nor was any evidence introduced by the Plaintiff to permit this Court to determine if in fact there was any value to the property transferred to the Debtor.

While the Second Circuit has not directly addressed whether a court can find "actual fraud" absent a misrepresentation by the debtor and resulting reliance by the creditor, the Second Circuit has enunciated that where a debtor is found liable by a New York State Court for committing intentional fraud, such finding is preclusive as to a claim of "actual fraud" pursuant to § 523(a)(2)(A), so long as the issue was actually litigated and determined in the prior litigation, and the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue.  *Evans v. Ottimo,* 469 F.3d at 281-282.  The Court has previously found that the State Court's finding - that the Debtor is liable to the Plaintiff pursuant to § 273 of the DCL - does not establish a *prima facie* case for nondischargeability under § 523(a)(2)(A).  The Court has reviewed the evidence submitted by the Plaintiff, which includes the complaint, the Plaintiff's motion for summary judgment and the State Court Decision.  A thorough review of

the record leads this Court to find that the law of preclusion does not apply to bar the Debtor from introducing evidence or testifying on the issues raised in the adversary proceeding.  Under New York law, collateral estoppel may be applied where the issue sought to be precluded was "necessarily decided" by the prior court and the party against whom collateral estoppel is being applied had a "full and fair opportunity" to litigate the issue in the prior proceeding.  *Nate B. and Francis Spingold Found. v. Halperin (In re Halperin*), 215 B.R. 321, 335 (Bankr. E.D.N.Y. 1997) (quoting *Conte v. Justice,* 996 F.2d 1398, 1400 (2d Cir. 1993)).  The Second Circuit has recognized that the question of whether the issue of fraud under Bankruptcy Code § 523(a) was identical to an issue that was necessarily decided in the prior state court action can be difficult. *Evans v. Ottimo*, 469 F.3d at 282.  "For a question to have been actually litigated so as to satisfy the identity requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding."  *Id.* (quoting *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 667, 563 N.Y.S.2d 24, 564 N.E.2d 634 (N.Y. 1990)). Because of the difficulty in determining whether there is an identity of issues between state court actions and subsequent  dischargeability actions, "'[a]ny reasonable doubt as to what was decided by a prior judgment . . . should be resolved against using it as an estoppel.'" *In re Cohen,* 92 B.R. 54, 70-71 (Bankr. S.D.N.Y. 1988) (quoting B. Russell, *Bankruptcy Evidence Manual* § 4 at 5 (1987)).  While the Plaintiff did allege in the complaint (Plaintiff's Ex. 5) that the Debtor engaged in fraudulent transfers which resulted in damages to the Plaintiff, the Plaintiff did not specifically allege, and the State Court Decision did not find, that the Debtor was the recipient of a fraudulent conveyance under § 276 of the DCL, which requires a finding of intent to defraud on the part of the transferee.  *Kramer v. Sooklall (In re Singh)*, 434 B.R. 298,

311 (Bankr. E.D.N.Y. 2010). Instead, the State Court found that the Debtor was a participant in a constructive fraudulent conveyance. Any further findings contained in the State Court Decision do not conclusively establish that the Debtor committed actual fraud. Although the State Court did find that the Debtor "allowed her husband to divert the corporate assets with the resulting loss of the franchises and participated in the fraudulent scheme" (Plaintiff's Ex.3), this finding alone is insufficient to establish that the Debtor committed "actual fraud" under § 523(a)(2)(A). The Court will not string together sentences in the complaint, which concern the Dunkin' Donuts franchises only, and State Court Decision so as to cobble together a finding of actual fraud. The Plaintiff seeks a determination of the Court that absent any additional documentary evidence or testimony, the Debtor's receipt of these assets coupled with the knowledge that Mr. Kuncman owed the Plaintiff money conclusively establishes that the Debtor acted with the intent of defrauding or deceiving the Plaintiff. The Court believes the Plaintiff's argument misapplies the law.

Having already found at the summary judgment stage that the Plaintiff may not rely solely on the State Court Decision and the record of the proceedings in the State Court Action to establish actual fraud, the Plaintiff must establish all of the elements of actual fraud under § 523(a)(2)(A) by a preponderance of the evidence. It is axiomatic that intent to deceive is a required component of actual fraud. *Evans v. Ottimo,* 469 F.3d at 283. Intent can be shown by presenting a combined set of circumstances demonstrating deceptive conduct by the debtor "'which indicates that he did intend to deceive and cheat the [creditor].'" *In re Suarez*, 367 B.R. 332, 349 (Bankr. E.D.N.Y. 2007) (quoting *Hong Kong Deposit and Guar. Co. v. Shaheen (In re Shaheen)*, 111 B.R. 48, 53 (S.D.N.Y. 1990)). However, an inference of knowledge, without

more, does not demonstrate a deliberate intention to mislead. *Id*. at 350 (citing cases). *See also Kuper v. Spar (In re Spar)*, 176 B.R. 321, 328 (Bankr.S.D.N.Y. 1994) (in a case involving a personal loan given to the debtor under a false representation or false pretense, the court found "[t]he scienter element . . . can be inferred from the totality of the circumstances because direct proof of a debtor's state of mind is generally not available. However, fraudulent intent cannot be presumed. The permissible inference will be negated where the debtor comes forward with some evidence that he did not intend to deceive the plaintiff.") (internal citations omitted). The Bankruptcy Court for the Southern District of New York, in *In re Shaheen*, also found that the debtor's credibility is a substantial factor in examining the question of intent. *In re Shaheen*, 111 B.R. at 53 (citing *In re Nelson*, 561 F.2d 1342, 1347 (9th Cir.1977); *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir. 1975)).

   In the instant case, the Plaintiff failed to introduce any evidence beyond what was presented to and decided by the State Court. This Court previously concluded that the State Court Decision was insufficient to establish intent. The additional exhibits, consisting of the complaint, the motion for summary judgment and related exhibits, including the Debtor's deposition testimony, do not suffice to prove the Debtor acted to deceive or defraud the Plaintiff. The Debtor testified that she never intended to deceive anyone. She testified that she was required by Dunkin' Donuts to hold the shares of the franchises from Mr. Kuncman, that she believed she received the transfer of the marital property as a gift from Mr. Kunkman, and that she was aware that money from the franchises was being used to pay the mortgage on the marital home. The Plaintiff did not present any evidence to controvert this testimony nor did the Plaintiff challenge the Debtor's credibility. Thus, the Court finds that the Plaintiff has failed to

prove that the Debtor acted with the intent to defraud the Plaintiff.  The State Court findings at best can be interpreted to find that the Debtor's conduct in acting as a figurehead of the franchises and the transfer of property were acts that resulted in a constructive fraud upon the Plaintiff.  Neither the evidence presented in this Court nor the State Court Decision demonstrates that the Debtor had the requisite intent needed to permit this Court to find there was actual fraud as required under Section 523(a)(2)(A).

### *Conclusion*

Based on the entire record, the Court finds that the Plaintiff has not established by a preponderance of the evidence that the State Court Judgment should be excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.  The Court shall enter a judgment consistent with this Memorandum Decision.

Dated: Central Islip, New York            By**:**    ***/s/ Robert E. Grossman***
      April 12, 2011                              Robert E. Grossman
                                                United States Bankruptcy Judge